UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK LEYSE, Individually and on
Behalf of All Others Similarly Situated,

*Plaintiff*,

-against-

LIFETIME ENTERTAINMENT SERVICES, LLC,

*Defendant*.

1:17-cv-1212

**CLASS-ACTION COMPLAINT**

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action individually and as a class action on behalf of all persons to whose residential telephone lines Defendant, or a third party acting on behalf of Defendant, placed one or more telephone calls using an artificial or prerecorded voice that delivered a message that advertised the commercial availability or quality of property, goods, or services, other than Defendant, its officers, employees, and representatives, and their families (the "Class"), during the period from August 17, 2009, to the present (the "Class Period").

2.      Plaintiff's claims arise under the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(B), and the regulation, 47 C.F.R. § 64.1200(a)(2) (hereinafter referred to collectively as the "TCPA" unless otherwise indicated). Plaintiff seeks, individually and on behalf of the other Class Members, statutory damages, injunctive relief, attorney's fees, and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction under 28 U.S.C. § 1331.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5.      Plaintiff, Mark Leyse ("Leyse"), was and is, at all relevant times herein, a resident of the Southern District of New York.

6.      Defendant, Lifetime Entertainment Services, LLC ("Lifetime"), was and is, at all relevant times herein, a limited-liability company organized and existing under the laws of Delaware, and maintains its executive offices at 235 45th Street, New York, New York 10017.

**FACTS**

7.      On or about August 19, 2009, Lifetime, or a third party acting on behalf of Lifetime, placed, to Leyse's residential telephone line, a telephone call using an artificial or prerecorded voice that delivered a message ("Message") that advertised the commercial availability and quality of Lifetime Television, a cable-television network that Lifetime owns and operates (a "Lifetime Robocall").

8.      As the result of the placement of the Lifetime Robocall, Leyse: (i) was deprived of his substantive right not to have a Lifetime Robocall placed to his telephone line; (ii) was deprived of the use of his telephone line; (iii) lost his valuable time in listening to the Message; (iv) endured a nuisance; (v) endured an invasion of his privacy; (vi) endured an intrusion upon his seclusion; and (vii) endured a disturbance of his solitude.

9.      During the Class Period, Lifetime, or one or more third parties acting on behalf of Lifetime has placed, to thousands of residential telephone lines, telephone calls using an artificial or prerecorded voice that delivered a message that advertised the commercial availability or quality of one of the cable-television networks that Lifetime owns and operates.

10.      Neither Leyse nor the other Class Members had given Lifetime prior express invitation or permission to place a Lifetime Robocall to them.

11.      Neither Leyse nor the other Class Members had an established business relationship with Lifetime when Lifetime placed the Lifetime Robocalls to them.

## CAUSE OF ACTION

12.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "11" inclusive of this Complaint as if fully set forth herein.

13.     The placement of the Lifetime Robocalls to Plaintiff and Members of the Class violated 47 U.S.C. § 227(b)(1)(B) and 47 C.F.R. § 64.1200(a)(2).

14.     Based upon the foregoing, Plaintiff and Members of the Class are entitled to statutory damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) and 227(b)(3)(C).

15.     Based upon the foregoing, Plaintiff and Members of the Class are entitled to an Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendant from violating 47 U.S.C. § 227(b)(1)(B) and 47 C.F.R. § 64.1200(a)(2).

## CLASS ALLEGATIONS

16.     Plaintiff brings this action as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) individually and as a class action on behalf of all persons to whose residential telephone lines Lifetime, or a third party acting on behalf of Lifetime, placed one or more telephone calls using an artificial or prerecorded voice that delivered a message that advertised the commercial availability or quality of property, goods, or services, other than Defendant, its officers, employees, representatives, and their families (the "Class"), during the period from August 17, 2009, to the commencement of this action until the present (the "Class Period").

17.     The Members of the Class are so numerous that joinder of all Members is impracticable.

18.     Plaintiff believes there are thousands of individuals whose claims are similar to Plaintiff's claims, and, furthermore, that Plaintiff's claims are typical of the claims of absent Class Members. Members of the Class have sustained damages arising out of Defendant's wrongful conduct in the same manner that Plaintiff has sustained damages arising out of Defendant's unlawful conduct.

19.     Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent litigation counsel. Plaintiff has no interests that are antagonistic to, or in conflict with, the Members of the Class. Indeed, Plaintiff's interests are, for purposes of this litigation, coincident with the interests of the other Class Members.

20.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because the Class is so numerous that joinder of all Members is impracticable, and because the damages suffered by most of the individual Members of the Class are too small to render prosecution of the claims asserted herein economically feasible on an individual basis, the expense and burden of individual litigation makes it impractical for Members of the Class to adequately address the wrongs complained of herein. Plaintiff knows of no impediments to the effective management of this action as a class action.

21.     Common questions of law and fact predominate over questions that affect only individual Class Members. Among the questions of law and fact common to the Class are:

(i) whether Lifetime, or one or more third parties acting on behalf of Lifetime, placed telephone calls using an artificial or prerecorded voice that delivered a message to residential telephone lines;

(ii) whether the aforementioned messages contained any material advertising the commercial availability or quality of any property, goods, or services;

(iii) whether Defendant willfully or knowingly violated the TCPA;

(iv) whether the Members of the Class are entitled to damages, and, if so, how much; and

(v) whether the Members of the Class are entitled to injunctive relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a)     Awarding Plaintiff and the other Members of the Class statutory damages of $500.00 pursuant to 47 U.S.C. §§ 227(b)(3)(B), with interest as allowed by law:

(b)     Awarding Plaintiff and the other Members of the Class up to $1,000.00 of statutory damages pursuant to 47 U.S.C. §§ 227(b)(3)(C), in addition to the statutory damages prayed for in the aforementioned paragraph, if the Court finds that Defendant's violations were made knowingly or willfully, with interest as allowed by law;

(c)     Issuing an Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendant from violating 47 U.S.C. § 227(b)(1)(B) and 47 C.F.R. § 64.1200(a)(2); and

(d)     Awarding to Plaintiff the costs and disbursements of this action, and reasonable attorney's fees, and such other and further relief as this Court deems just and proper.

Dated:  February 16, 2017

Yours, etc.,

TODD C. BANK,
 ATTORNEY AT LAW, P.C.
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125

*Counsel to Plaintiff*

   **s/ *Todd C. Bank***
TODD C. BANK